# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SINDY MEJIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 07-CV-5923 |
| | ) | |
| TOWN OF CICERO, a municipal corporation, | ) | Judge Robert M. Dow, Jr. |
| LARRY DOMINICK, President of the TOWN | ) | |
| OF CICERO, ROLANDO HERNANDEZ, and | ) | |
| MOISES ZAYAS, in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On October 19, 2007, Plaintiff Sindy Mejia filed her complaint against the Town of Cicero, Larry Dominick, Moises Zayas, and Rolando Hernandez, alleging sexual harassment and gender discrimination in violation of Title VII against the Town of Cicero (Count I); retaliation in violation of Title VII against the Town of Cicero (Count II); violations of her right to equal protection for hostile work environment and gender discrimination pursuant to 42 U.S.C. § 1983 against all Defendants (Count III); discrimination in violation of Title VII based on national origin against the Town of Cicero (Count IV); violations of her right to equal protection for national origin discrimination pursuant to 42 U.S.C. § 1983 against all Defendants (Count V); and violations of her right to be free from discrimination pursuant to 42 U.S.C. § 1981 against all Defendants (Count VI). Defendant Larry Dominick, President of the Town of Cicero, filed a motion to dismiss [26] Counts III, V, and VI (the Section 1983 and Section 1981 counts against Dominick individually) to the extent that those Counts seek recovery against him personally. For the following reasons, the Court denies Defendant Dominick's motion to dismiss [26].

**I.  Background**

Plaintiff alleges that she is a female, Mexican resident of Cook County and that she worked as a secretary in the Town of Cicero's auxiliary police department from July 2005 through January 2006.  Compl. ¶¶ 7, 9.  Initially hired as a part-time student worker, Plaintiff began working as a full-time secretary in October 2005.  *Id*. ¶ 19.  Plaintiff alleges that from August 2005 to January 2006, she was subjected to repeated and pervasive sexual harassment, discrimination, and retaliation by Defendant Moises Zayas – the auxiliary police superintendent and one of her supervisors.  *Id*. ¶¶ 12, 14, 20-21.  Plaintiff also alleges that Town President Larry Dominick was one of her supervisors and a final policy maker with respect to various departmental matters at issue in this case.  *Id*. ¶¶ 11, 14.  Plaintiff further alleges that Defendant Zayas is a close political ally of Defendant Dominick, enabling Zayas to sexually harass women with impunity because of his political affiliation to Dominick.  *Id*. ¶ 39.

In addition, Plaintiff alleges that all Defendants contributed to and failed to remedy the hostile work environment by turning "a blind eye to Zaya's sexual harassment and a deaf eye to Plaintiff's complaints."  Compl. ¶ 42.  The complaint also alleges that Defendant Dominick "continued to employ Defendant Zayas despite his long-standing history of sexual harassment, physical, verbal and emotional abuse of women and other violent conduct, and despite his long-standing history of inappropriate conduct directed at women and female employees."  *Id*. ¶ 16.  According to Plaintiff, in February 2006, she called Dominick and "left him a message stating that she wanted to talk to him about her position, the problems with [Defendant] Zayas, and being fired by Zayas."  *Id*. ¶ 37.  Plaintiff alleges that Defendant Dominick never returned her call.  *Id*.

As a result of this conduct, Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") against Defendant Town of Cicero. According to Plaintiff's complaint, the charge of discrimination against the Town of Cicero remains pending before the EEOC. Plaintiff also filed a charge of discrimination with IDHR against Defendant Zayas.

Defendant Larry Dominick seeks dismissal of the section 1981 and section 1983 claims against him personally. Plaintiff argues that she has sufficiently pleaded personal knowledge to survive a motion to dismiss on her claims against Defendant Dominick in his individual capacity.

## II. Analysis

### A. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic*, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic*, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the

plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

  **B.** **Section 1983 Claims**

Section 1983 creates a cause of action against "[e]very person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. There are two ways in which a government actor may be sued: in his official capacity or his individual (sometimes called "personal") capacity. Generally, an official capacity suit is brought against a high-ranking official as a means of challenging an unconstitutional policy, practice, or custom. *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). Suing a government employee in his official capacity is akin to suing the entity that employs him and the standard for liability is the same. See, *e.g.*, *Kentucky v. Graham*, 473 U.S. 159 (1985). By contrast, an individual capacity suit requires a showing of personal involvement by the government actor. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In the present case, Defendant Dominick is sued in his individual capacity, and Plaintiff also has brought suit against the Town of Cicero.

To recover damages in an individual capacity suit under section 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry*, 65 F.3d at 561. "An official satisfies the personal responsibility requirement of section 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent." *Id*. "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other

4

words act either knowingly or with deliberate, reckless indifference." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

In his motion to dismiss, Defendant Dominick focuses on the allegation that in early February 2006, Plaintiff left Defendant Dominick a message stating that she wanted to speak with him about her position, her problems with Defendant Zayas, and her termination. Compl. ¶ 37. According to Defendant Dominick, "[t]hat is all she asserts against the town president." Opening Br. at 2. But that contention takes far too narrow a view of the allegations of the complaint, for it ignores several allegations that implicate Defendant Dominick and overlooks the rule that all reasonable inferences must be drawn in favor of Plaintiff at the motion to dismiss stage of a case. See *Barnes*, 420 F.3d at 677.

Under the applicable standard, Plaintiff has pleaded sufficient facts consistent with her theory of the case to survive a motion to dismiss. In addition to the allegations on which Defendant Dominick focuses, Plaintiff has alleged that Defendant Dominick was one of her supervisors. She has also alleged that Defendant Dominick continued to employ Defendant Zayas, and re-hired him, despite a "long-standing history of sexual harassment, physical, verbal, and emotional abuse of women and other violent conduct, and despite his long-standing history of inappropriate conduct directed at women and female employees." The complaint also states that in November 2005, Plaintiff complained to the "other Defendants" about Defendant Zayas' sexual harassment, but that nothing was done to address the harassment or ensure that it did not occur in the future. Although Plaintiff does not specifically allege that she complained to Defendant Dominick in November 2005, at this stage the Court must view Plaintiff's allegations

in the light most favorable to her, so the Court construes her allegation of complaining to "other Defendants" as pertaining not just to Defendant Hernandez but as also pertaining to Defendant Dominick. Finally, Plaintiff contends that Defendant Dominick knew or should have known of the harassment directed at Plaintiff and other women and that he failed to take any effective remedial measures to stop the harassment.

Those allegations are sufficient to survive a motion to dismiss. Although the allegations against Defendant Dominick are more tenuous than those against the other Defendants, particularly Defendant Zayas, "[a]n official satisfies the personal responsibility requirement of section 1983 if the conduct causing the constitutional deprivation occurs * * * *with his knowledge and consent*." *Gentry*, 65 F.3d at 561. Plaintiff has adequately alleged that Defendant Dominick was aware of the harassment directed at the Plaintiff and did not take steps to investigate the alleged harassment or take any effective remedial measures to stop the harassment.

C.  **Section 1981 Claims**

Under Section 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right * * * to the full and equal benefit of all law * * * as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Section 1981 prohibits discrimination on the basis of race in the making and enforcing of contracts, including employment contracts. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 (1975). The substantive legal standards governing claims made under sections 1981 and 1983 are the same. See *Malacara v. City of Madison*, 224 F.3d 727, 729 (7th Cir. 2000); *McGee v. Illinois Dept. of Transp.*, 2004 WL 726110, at *1 (N.D. Ill. April 1, 2004). Therefore, for the reasons set forth in analyzing Defendant Dominick's motion to

dismiss Plaintiff's section 1983 claims, the Court also denies Defendant Dominick's motion to dismiss Plaintiff's section 1981 claims.

## III.    Conclusion

For the foregoing reasons, the Court denies Defendant Dominick's motion to dismiss [26].

Dated:  August 27, 2008
_____
Robert M. Dow, Jr.
United States District Judge